Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| GLADYS GARCÍA CARRASQUILLO<br><br>Demandante Recurrida<br><br>v.<br><br>JUAN CRUZ RAMOS Y OTROS<br><br>Demandados Peticionarios | KLCE202301198 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2022CV00957 (Salón 307)<br><br>Sobre: Acción de Deslinde y Otros |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece la señora Carmen Arenas Figueroa, el señor Juan Cruz Ramos, la Sociedad Legal de Gananciales compuesta por ambos, y el señor Vicente Martínez Ramos (conjuntamente "recurrentes") mediante *certiorari* para solicitar la revocación de la *Orden* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 8 de septiembre de 2023. Mediante dicho dictamen, se anotó la rebeldía de los recurrentes por estos no responder a la demanda instada en su contra dentro del término dispuesto por ley. Por los fundamentos que expresamos a continuación, expedimos el auto solicitado y revocamos la resolución recurrida.

En síntesis, el caso de epígrafe trata de una demanda por movimientos de terreno que variaron la colindancia entre los lotes de la

señora Gladys García Carrasquillo (señora García Carrasquillo o recurrida) y los recurrentes. Luego de varias diligencias para localizar a los recurrentes, la señora García Carrasquillo solicitó al foro primario la autorización para emplazar por edicto. Después de la autorización emitida el 24 de abril de 2023, la señora García Carrasquillo emplazó por edicto al señor Martínez Ramos el 5 de mayo de 2023. Meses después, en el 27 de junio de 2023, el foro primario autorizó el emplazamiento por edicto de la señora Arenas Figueroa, señor Cruz Ramos y la Sociedad Legal de Gananciales compuesta por ambos, la cual fue cumplida el 3 de agosto de 2023.

Durante el transcurso de estos trámites, los recurrentes presentaron una moción de prórroga para buscar representación legal y otra para anunciar la adquisición de la referida representación, ambas veces declarando que no se sometían a la jurisdicción del foro primario. Posterior a una solicitud de los recurrentes de que se acreditara su emplazamiento —igualmente con la explicación que no se sometían a la jurisdicción del tribunal— la recurrida probó el emplazamiento por edicto del señor Martínez Ramos mediante (1) la declaración jurada de la representante del periódico *El Nuevo Día*, (2) un ejemplar del edicto publicado, y (3) una foto del acuse de recibo de la copia del emplazamiento y de la demanda. Sin embargo, para el tiempo de la referida solicitud, el Tribunal de Primera Instancia no había autorizado el emplazamiento por edicto de los otros recurrentes.

Sin presentarse respuesta a la demanda dentro de los treinta (30) días subsiguientes a los respectivos emplazamientos, la señora García Carrasquillo presentó una solicitud de anotación de rebeldía en contra de los recurrentes. En la petición, la señora García Carrasquillo incluyó

la mencionada acreditación del emplazamiento del señor Martínez Ramos, más prueba similar del emplazamiento por edicto de los otros recurrentes. Acto seguido, después de los recurrentes haber presentado una oposición a la mencionada solicitud, el foro primario ordenó la anotación de rebeldía. Ese mismo día, los recurrentes presentaron su *Contestación a demanda y reconvención*, a la cual la señora García Carrasquillo respondió posteriormente.

Oportunamente, los recurrentes solicitaron una reconsideración a la anotación de rebeldía que Tribunal de Primera Instancia declaró sin lugar. Por causa de esta última determinación, los recurrentes acuden ante este Tribunal de Apelaciones, argumentando que el foro primario erró al (1) anotar la rebeldía de los recurrentes en violación a la Regla 45.1 de *Procedimiento Civil* y la doctrina del trato justo (*fair play*) y (2) no ejercer la Regla 45.3 de *Procedimiento Civil*.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde

intervenir con las determinaciones del Tribunal de Primera Instancia. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Job Connection Center, Inc. v. Supermercados Econo, Inc.*, 185 DPR 585 (2012) (citando a *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986)).

Por otra parte, los tribunales están obligados a desalentar la práctica de falta de diligencia y de incumplimiento con sus órdenes mediante su efectiva, pronta y oportuna intervención. *Mejías Montalvo et al. v. Carrasquillo Martínez et al.*, 185 DPR 288 (2012) (citando a *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 819 (1986)). La determinación de desestimar una demanda o eliminar las alegaciones de una parte se debe ejercer juiciosa y apropiada. *Mitsubishi Motor Sales of Caribean, Inc. v. Lunor, Inc.*, 2023 TSPR 110 (citando a *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982)). Véase, también, *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689 (2020). Ello, debido a la norma judicial de que los casos se ventilen en sus méritos. *Mitsubishi Motor Sales of Caribean, Inc. v. Lunor, Inc.*, *supra* (citando a *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 701; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829 (1962)).

Ahora bien, cabe señalar que la Regla 4.3(c) de *Procedimiento Civil* dispone en lo pertinente que "[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda". Regla 4.3 de Procedimiento Civil de 2009, *supra*. De transcurrir el término de ciento veinte (120) días sin que se hubiese diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Íd.;

Véase, también, *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018). No obstante, cuando el demandante intenta infructuosamente emplazar personalmente al demandado dentro de los ciento veinte (120) días, el foro primario puede autorizar que se emplace por edicto al demandado, igualmente dentro de los ciento veinte (120) días de haberse emitido la orden. Véase Reglas 4.3 y 4.6 de Procedimiento Civil de 2009, *supra*. Para que proceda dicho emplazamiento, el demandante debe acreditar mediante declaración jurada las diligencias realizadas para localizar y emplazar al demandando. Regla 4.6 de Procedimiento Civil de 2009, *supra*.

Conviene destacar que la Regla 4.7 de *Procedimiento Civil* requiere la acreditación de los emplazamientos por edictos mediante: (1) la declaración jurada del administrador o agente autorizado del periódico, (2) un ejemplar del edicto publicado, y (3) un escrito del abogado que certifique que se depositó en el correo una copia del emplazamiento y de la demanda. Regla 4.7 de Procedimiento Civil de 2009, *supra*. No obstante, la misma Regla aclara que la omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a la validez del emplazamiento por edicto. Íd. Si la parte demandada admite que fue emplazada, renuncia al diligenciamiento del emplazamiento o comparece ante el foro primario, no será necesario probar el diligenciamiento. Íd.

Presumiendo que se haya diligenciado el emplazamiento por edicto, la Regla 10.1 requiere que el demandado presente su contestación a la demanda dentro de los treinta (30) días de haberse publicado el edicto. Regla 10.1 de Procedimiento Civil de 2009, *supra*. De no disponer de una contestación dentro del referido término, se le

podrá anotar la rebeldía del demandado, siempre y cuando se pruebe mediante una declaración jurada o de otro modo. Regla 45.1 de Procedimiento Civil de 2009, *supra*. Consecuentemente, la anotación de rebeldía tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas. Íd. No obstante, el foro primario podrá dejar sin efecto una anotación de rebeldía por justa causa, es decir, si se presenta evidencia de razón justificada por la dilación, o que existe una buena defensa en sus méritos y el grado de perjuicio contra la otra parte con relación al proceso es razonablemente mínimo. Regla 45.3 de Procedimiento Civil de 2009, *supra*. Véase *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

De conformidad con los hechos, los recurrentes respondieron a la demanda instada contra ellos. Aunque no entregaron alegaciones responsivas en el término dispuesto por ley, estos contestaron y presentaron su oposición a la anotación de rebeldía un día después de haberse solicitado tal anotación, evidenciando (1) su sumisión a la jurisdicción del foro primario y (2) su diligencia en responder cuando advirtieron que recibieron una orden o notificación. Lo cierto es que la acreditación oportuna les hubiera avisado de que se publicó un edicto y que estos deberían verificar el ejemplar que lo contiene. En ese sentido, una acreditación tardía sustrae de los recurrentes la oportunidad de conocer las alegaciones instadas contra ellos, la manera que deberían defenderse y que el caso se ventile en sus méritos. Por lo tanto, las alegaciones responsivas no debieron descartarse, en particular cuando ambas partes han comparecido ya ante el foro primario.

Por los fundamentos expuestos, expedimos el auto solicitado y revocamos la *Resolución* recurrida. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procesos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones